STATE OF MAINE                          SUPERIOR COURT
                                        CRIMINAL ACTION
KENNEBEC. ss.                           DOCKET NO. CR-03-318

                                        D-K -KEN- 10-05

MICHAEL ENO,

        Petitioner

        v.                              **DECISION AND ORDER**

STATE OF MAINE,

        Respondent


This matter is before the court on amended petition for post-conviction review.

After hearing was held and memorandum of law submitted, the matter is in order for

determination.

The petitioner was convicted under an indictment issued June 5, 2000, by the

Kennebec County Grand Jury containing, in count I, a charge of theft by deception, class

C, alleging that as part of a common scheme or course of conduct, he obtained cash by

deception belonging to an insurance company in the year 1999. Count II charged a theft

by deception, class B, alleging that in 1996 he obtained cash from another insurance

company as a result of deception.[1]

As a result of a jury verdict, defendant was convicted of both counts receiving

sentences to the Department of Corrections in both cases with a period of incarceration

suspended and probation under count I and a consecutive fully suspended sentence in

count II with further probation.

---

[1] The state of the law at the time and the amount in question, $9,064.60, made the offense a class C
offense. By typographical error, it was carried on in the indictment as a class B. The conviction and
ultimate sentence were imposed as a class C offense. The Judgment and Commitment so reflect the same.
In further recognition that petitioner was not prejudiced by the error in classification, upon petitioner's
request for leave to appeal his sentence, it was denied. *See* Sentencing Transcript. p. 20.

In his amended petition, petitioner relies on four grounds for challenge of the validity of his conviction all based upon allegations of ineffective assistance of counsel. In ground one, petitioner challenges trial counsel's failure to file a motion to sever count I and count II given they were incidents alleged three years apart. In ground two, petitioner complains that trial counsel failed to request the court to instruct the jury as to a lesser-included offense on count II of the indictment because of an issue of value of the property which was the subject of the theft. In ground three, petitioner complains that counsel's failure to move the court to amend count II of the indictment to reflect a class C offense affected the substantial rights of the petitioner. In ground four, petitioner complains that counsel was ineffective by failing to interview and produce exculpatory witnesses at trial. Even though ground three was argued at hearing, it is clear that the State recognized the typographical error, brought it to the court's attention at sentencing, and no rights of the petitioner in any way were affected by that error. Obviously, the jury was not aware of the classification of the offense charged. As to ground four, no testimony was rendered on behalf of petitioner with respect to the question nor was the matter argued and therefore the court considers it waived.

The standard for determining whether trial counsel's performance is ineffective for purposes of the Sixth Amendment to the United States Constitution and Article I, § 6 of the Maine Constitution is a determination requiring a two-part inquiry:

(1)     Has there been serious incompetency, inefficiency or inattention of counsel – performance by counsel which falls measurably below that which might be expected from an ordinary fallible attorney?

(2)     Has such ineffective representation by counsel likely deprived the defendant of an otherwise available substantial ground of defense?

*State v. Brewer*, 1997 ME 177, 699 A.2d 1139 (1997), citing *Lang v. Murch*, 438 A.2d 914 and *Strickland v. Washington*, 466 U.S. 668 104 S.Ct. 2052 (1984). The claim of ineffective assistance of counsel requires the defendant to establish that his attorney's performance deprived him of a substantial ground of defense, or that counsel's performance likely affected the outcome of the trial. Failure to prove prejudice resulting from an attorney's performance precludes relief regardless of the quality of that performance. *State v. Brewer*, 699 A.2d at 1144. The court must accord trial counsel great deference in their tactical decisions and these decisions are reviewable solely for manifesst unreasonableness. Manifest unreasonableness only occurs when counsel's performance deprives the defendant of a substantial ground of defense. *State v. Brewer*, 699 A.2d at 1145. The burden is on the defendant to show not only that trial counsel's performance was deficient but also that the deficiency likely affected the outcome of the trial. *Twist v. State of Maine*, 617 A.2d 548 (1992).

At the outset, petitioner complains by his testimony that he did not have sufficient opportunity to fully discuss matters in preparation for trial. His testimony indicated that in spite of seven or eight months to prepare, he only saw his attorney twice at the office and two or three times in court. He further indicated these were very short occasions and that many calls to his attorney provided no response. Trial counsel presented testimony based upon his records that he had 17 telephone conferences with the petitioner between the period of May 2001 and March 2002, both long and short calls. On the two occasions in which they met and discussed strategy, the meeting of May 18 was one half hour and the meeting of May 30 was for one hour. He also testified that he sent 19 letters to the petitoner and that over a period of time there were eight court appearances at which time discussion took place.

The first substantive issue is the complaint that his counsel did not bring a motion to sever count I from count II so that he was only tried on one count at a time. The terms of the counts in the indictment alleged that count I occurred in 1999 and count II occurred in 1996. It appears that the incident of 1999 was first brought to the attention of the authorities who then discovered the incident of 1996 as a result of investigation. Petitioner feels that there was a substantial prejudice created by this failure to sever and that it implied a continuing course of conduct unjustified by the evidence. Trial counsel believed, as a matter of trial strategy, first, that he would not be successful in bringing such a motion in spite of some degree of prejudice, that there was a similarity of witnesses and, further, and most important, counsel was concerned that the conduct of two trials as well as the period of time lapsing between the two trials would cause defendant to receive lengthier consecutive sentences. In other words, by disposing of both matters at one proceeding, the court was more likely to fully suspend the sentence on count II and simply provide an additional period of probation.

It is difficult to conclude that the sentencing would have been different had the matters been severed. It is not unreasonable to draw an inference that if the defendant were convicted on count I at the first trial with the second count pending in another proceeding, that it might have affected the sentence whether as a result of the trial or a plea. Regardless of the assumptions made, the strategy employed by trial counsel was not unreasonable and was founded upon some practical considerations of handling a matter of criminal defense where there are multiple charges. It should also be noted that count I specifically alleged a scheme or course of conduct and that it was consistent with a related matter in terms of *modus operandi* occurring some three years later.

Petitioner argues that the failure to file a motion to sever was tantamount to "manifest unreasonableness" and deprived the petitioner of a substantial ground of

defense, citing *Twist v. State,* 617 A.2d 548 at 549. *Twist* at 550 cites *Pierce v. State,* 463 A.2d 756 (Me. 1983) indicating manifest unreasonableness occurs only when counsel's performance deprives the defendant of a substantial ground of defense. The court is unclear as to what ground of defense was not available to the defendant as a result of the matters being tried in one proceeding. If the court infers that severance would create an inability on the part of the State to substantiate a common scheme or course of conduct, the court would still be faced with the issue of whether to admit uncharged conduct simply to prove that point. It is not unreasonable to consider that a court, at the request of the State, would have allowed the State to present evidence of the 1996 conduct simply to explain the defendant's conduct in 1999 accompanied by an appropriate instruction to the jury indicating that the 1996 conduct was uncharged and to be considered by them only in terms of the intent and knowledge on the part of the defendant.

The second allegation charges that trial counsel was ineffective because he did not request the court to instruct the jury of the lesser-included charge. Petitioner believes that the State failed to prove beyond a reasonable doubt that a felony was committed, "because the threshold of $2,000 was never met as opposed to $1,000 which was a class D misdemeanor in 1999 (see 17-A M.R.S.A. § 362(4)). Petitioner's Memorandum, p.2. Petitioner argues that the question of a lesser-included offense was never discussed by counsel but by the very nature of the evidence, there was put into issue the question of value of the property alleged to have been stolen.

First, the court notes that in its jury instruction the following was given: "And the required result you must decide whether the State has proven the values as they have alleged them in the indictment. " Trial Transcript, p. 206. Secondly, trial counsel asserts that it was clearly a matter of trial strategy to have the matter presented as an up

or down verdict without giving them an opportunity to find a lesser-included offense. The strategy was based upon the petitioner's insistence throughout the entire proceedings that he was not guilty and he did not commit the crimes for which he was charged. Asking the court to instruct as to a lesser-included offense by virtue of a diminished value would have required defense counsel to present to the jury a possibility that defendant did commit the criminal acts charged but that the property stolen was of a value less than alleged in the indictment. As a matter of general practice and standard in this criminal defense arena, it is not unusual for counsel to avoid a conviction of a lesser-included offense when faced with the fundamental issue by the client's position that no offense occurred under any circumstances and for any value.

Petitioner complains of inadequate information for the jury in regard to value. The court has examined the entire transcript of the trial as well as the testimony of trial counsel and the petitioner at the post-conviction hearing. At no point has there been any proffer of evidence suggesting a lesser value in issue than that represented by the checks actually issued by the insurance companies to the defendant for the losses that he claimed. There is no evidence that petitioner presented to trial counsel evidence to be considered, even as a part of cross-examination, putting into issue the value. Petitioner's argument would seem to direct its complaint to the court suggesting that it was the court's responsibility to instruct the jury as to value. If the matter had been in issue and if there had been a suggestion of genuine issue of fact as to value, the court would agree that trial counsel would have been well advised to argue the point for purposes of jury instruction as well as closing statements to the jury.

Under the standard for evaluation of trial counsel's performance in the present instance, the court finds that whatever criticism might be considered over the decisions and strategy exercised by trial counsel, the defendant was not deprived of any available

substantial ground of defense, he was not unduly prejudiced and nothing in his activities on behalf of defendant were manifestly unreasonable.

The entry will be:

Petitioner's request for post-conviction relief is DENIED.

Dated: October _14_, 2005

Donald H. Marden
Justice, Superior Court

MICHAEL E ENO
 vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2003-00318

## DOCKET RECORD

PL. DOB: 04/22/1958
PL. ATTY: DAVID PARIS
        72 FRONT STREET
        BATH ME 04530-2657
        APPOINTED 08/12/2003

State's Attorney: EVERT FOWLE

Filing Document: PETITION
Filing Date: 07/24/2003

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

07/25/2003 FILING DOCUMENT -  PETITION FILED ON 07/24/2003

07/29/2003 POST CONVIC. REVIEW -  REVIEW SENT FOR REVIEW ON 07/29/2003

08/08/2003 POST CONVIC. REVIEW -  ASSIGNMENT ASSIGNED TO DOCKET ON 08/08/2003

08/13/2003 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 07/18/2003

08/13/2003 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 08/12/2003
        DONALD H MARDEN , JUSTICE
        COPY TO PARTIES/COUNSEL
08/13/2003 Party(s):  MICHAEL E ENO
        ATTORNEY -  APPOINTED ORDERED ON 08/12/2003

        Attorney:  DAVID PARIS
09/05/2003 ORDER -  SPECIAL ASSIGNMENT ENTERED ON 08/29/2003

        JUSTICE DONALD H. MARDEN SPECIALLY ASSIGNED
11/12/2003 POST CONVIC. REVIEW -  NOT AMENDING PCR PETITION FILED ON 11/12/2003

12/03/2003 POST CONVIC. REVIEW -  RESPONSE TO PETITION FILED ON 12/02/2003

10/04/2004 CASE STATUS -  CASE FILE LOCATION ON 10/04/2004

        MAILED TO JUSTICE MARDEN IN KNOX COUNTY
11/04/2004 POST CONVIC. REVIEW -  PCR CONFERENCE SCHEDULED FOR 11/08/2004 @ 4:30

        BY TELEPHONE
11/04/2004 POST CONVIC. REVIEW -  PCR CONFERENCE NOTICE SENT ON 11/04/2004

11/09/2004 CASE STATUS -  CASE FILE RETURNED ON 11/09/2004

11/24/2004 SUPPLEMENTAL FILING -  AMENDED PETITION FILED ON 11/23/2004

12/03/2004 POST CONVIC. REVIEW -  PCR CONFERENCE HELD ON 11/08/2004
        DONALD H MARDEN , JUSTICE
        Attorney:  DAVID PARIS

Printed on: 10/17/2005

DA: PAUL RUCHA
CONFERENCE BY TELEPHONE HELD.
12/03/2004 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 11/23/2004

THE PETITIONER HAS FOURTEEN DAYS TO FILE AN AMENDED PETITION AND THE STATE WILL HAVE 20
DAYS FROM RECEIPT OF THE AMENDED PETITION TO FILE A RESPONSE AND BOTH PARTIES HAVE 14
DAYS AFTER THE FILING OF THE AMENDED PETITION TO FILE A WITNESS LIST.

COPIES TO COUNSEL.
12/03/2004 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 11/23/2004

12/15/2004 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 12/13/2004

DA: PAUL RUCHA
SECOND RESPONSE TO PETITION FILED
12/15/2004 OTHER FILING - WITNESS LIST FILED BY DEFENDANT ON 12/13/2004

12/15/2004 OTHER FILING - WITNESS LIST FILED BY DEFENDANT ON 12/13/2004

04/21/2005 HEARING - EVIDENTIARY HEARING SCHEDULED FOR 07/01/2005 @ 9:00
DONALD H MARDEN , JUSTICE
NOTICE TO PARTIES/COUNSEL
04/21/2005 HEARING - EVIDENTIARY HEARING NOTICE SENT ON 05/12/2005

05/03/2005 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 05/27/2005 @ 8:30

05/03/2005 POST CONVIC. REVIEW - PCR CONFERENCE NOTICE SENT ON 05/03/2005

05/27/2005 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 05/27/2005
DONALD H MARDEN , JUSTICE
Attorney: DAVID PARIS
DA: PAUL RUCHA
PHONE CONFERENCE
05/27/2005 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 05/27/2005

COPIES TO COUNSEL
06/29/2005 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 06/29/2005

07/27/2005 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY PETITIONER ON 07/27/2005

ISSUED JUDGE FOR ACTION 7/27/05
08/08/2005 HEARING - EVIDENTIARY HEARING HELD ON 07/01/2005
DONALD H MARDEN , JUSTICE
Attorney: DAVID PARIS
DA: PAUL RUCHA          Reporter: CASE ENOCH
MEMORANDUMS TO BE FILED.
08/08/2005 CASE STATUS - DECISION UNDER ADVISEMENT ON 07/01/2005
DONALD H MARDEN , JUSTICE
08/10/2005 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/10/2005
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL
10/17/2005 ORDER - COURT ORDER FILED ON 10/14/2005
DONALD H MARDEN , JUSTICE

10/17/2005 ORDER -  COURT ORDER FILED ON 10/14/2005

          COPIES TO COUNSEL
10/17/2005 FINDING -  DENIED ENTERED BY COURT ON 10/14/2005


A TRUE COPY
ATTEST:    _____
                         Clerk